**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAGDISH SINGH,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　Respondent. | No. 10-73191<br><br>Agency No. A074-384-421<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:　　RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

　　　Jagdish Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen based on

ineffective assistance of counsel.  We have jurisdiction under 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen, and review de novo

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen on the ground that he failed to establish prejudice resulting from his former attorneys' failure to request relief under the Convention Against Torture ("CAT"). *See id.* at 793-94 (prejudice results when counsel's actions may have affected the outcome of the proceedings); *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003) (denial of CAT relief is proper where claim is based on the same statements found not credible for purposes of asylum and withholding of removal, and petitioner "points to no other evidence that he could claim the BIA should have considered in making its [CAT] determination").

Because the BIA's denial of Singh's motion to reopen on this basis was dispositive, we need not address Singh's remaining contentions.

**PETITION FOR REVIEW DENIED.**